# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **RONALD RICE** <br> 7863 Reynolds Court <br> Tallahassee, Florida 32312 <br><br> Plaintiff, <br><br> vs. <br><br> **KELLERMEYER COMPANY** <br> c/o Jill K. Kegler, Statutory Agent <br> 475 West Woodland Circle <br> Bowling Green, Ohio 43402 <br><br> Defendant. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | **Case No.**_____ <br><br> **Judge** _____ <br><br> **COMPLAINT WITH JURY DEMAND** <br><br> John D. Franklin (0055359) <br> Kera L. Paoff (0082674) <br> WIDMAN & FRANKLIN, LLC <br> 405 Madison Avenue, Suite 1550 <br> Toledo, Ohio 43604 <br> 419-243-9005—Telephone <br> 419-243-9404—Fax <br> john@wflawfirm.com <br> kera@wflawfirm.com <br><br> Attorneys for Plaintiff <br> Ronald Rice |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

Now comes Plaintiff, Ronald Rice, complaining of Defendant, Kellermeyer Company, and alleges as follows:

## PARTIES

1.   Plaintiff, Ronald Rice ("Rice"), is an individual citizen of the State of Florida, residing in the City of Tallahassee, County of Leon.

2.   Defendant, Kellermeyer ("Defendant"), is an Ohio corporation doing business in the State of Ohio, City of Bowling Green, County of Wood.

## JURISDICTION AND VENUE

3. This suit is authorized and instituted pursuant to the Family and Medical Leave Act ("FMLA") of 1993, 29 U.S.C. §§2601 et seq., providing for relief from termination or change in employment status based on a necessity for the employee to take a leave of absence due to his spouse suffering from a chronic/serious health condition and prohibiting an employer from interfering with, restraining, or denying an employee the exercise of rights provided under the FMLA, and making it unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by the FMLA.

4. Jurisdiction over Count One is conferred upon this Court by 28 U.S.C. §1331 because this claim arises out of the laws of the United States. This Court also has jurisdiction over Count One pursuant to 29 U.S.C. §2617(a)(2).

5. Venue is properly laid in the Northern District of Ohio under 28 U.S.C §1391(b) because the claims alleged herein arose in Wood County, Ohio.

## FACTUAL ALLEGATIONS

6. Defendant was, at all times hereinafter mentioned, engaged in commerce or in an industry or activity affecting commerce and employed fifty (50) or more employees for each working day during each of twenty (20) or more calendar work weeks in the current or preceding calendar year and therefore are employers as defined in 29 U.S.C. §2611(4).

7. At all times relevant herein, Rice was employed by Defendant for at least twelve (12) months and had at least one thousand two hundred fifty (1250) hours of service with Defendant and therefore was an "eligible employee" under the FMLA, as that term is defined in 29 U.S.C. §2611(2)(A).

8. Rice began his employment with Defendant in January of 2011 and most recently held the position of Vice President of Sales.

9. Throughout the course of his employment, Rice had an excellent work record and was well qualified for the position he held.

10. Sometime in January of 20012, Michele Miles, Human Recourses, and Jill Kegler, CEO, became aware of the fact that Rice's wife was pregnant.

11. On June 12, 2012, Rice requested Family Medical Leave to take care of his wife, which Defendant granted.

12. On June 15, 2012, a mere three (3) days after being granted FMLA, Defendant terminated Rice's employment.

## COUNT ONE
## Violation of FMLA
## 29 U.S.C. §§2601 et seq.

13. Rice realleges paragraphs one (1) through twelve (12) as if fully set forth verbatim below.

14. At all times relevant herein, Rice was employed by Defendant for at least twelve (12) months and had at least one thousand two hundred fifty (1250) hours of service with Defendant and therefore was an "eligible employee" under the FMLA, as that term is defined in 29 U.S.C. §2611(2)(A).

15. Defendant violated the provisions of 29 U.S.C. §§2601 et seq. including 29 U.S.C. §2615 by interfering with, restraining or denying Rice the exercise of rights provided under the FMLA and/or retaliating against Rice by discharging him for asserting or otherwise exercising his rights under the FMLA.

16. As a direct and proximate result of Defendant's conduct, Rice has been damaged. Rice has suffered:

    a. Lost wages;

    b. Loss of pension benefits;

    c. Loss of insurance benefits;

    d. Loss of other fringe benefits;

    e. Loss of future earnings and front pay; and

    f. Time and money in endeavoring to protect himself from Defendant's violation of the FMLA, including costs and reasonable attorney's fees of this action.

**WHEREFORE**, Rice prays as follows:

    A. That this Court award such equitable relief as is proper as compensation for loss of his opportunity to engage in gainful employment, including relief in the form of front pay;

    B. That this Court award Rice an amount to be determined at trial as compensation for lost pension, insurance and other fringe benefits;

    C. That this Court award Rice back pay from the date of trial with interest;

    D. That this Court award Rice liquidated damages;

    E. That this Court award Rice reasonable attorney's fees and the costs of this action; and

    F. That this Court grant Rice such other and further relief as may be just and equitable.

Respectfully submitted,

*s/John D. Franklin*
John D. Franklin
Attorney for Plaintiff

**PLAINTIFF DEMANDS TRIAL BY JURY.**

*s/ John D. Franklin*
John D. Franklin